UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY LLOYD KALSO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUTTE COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-0643 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.  Complaint

The complaint alleges that defendants Butte County Superior Court, Superior Court Judge Caraway, and Butte County District Attorneys Burcell and Ramsey violated plaintiff's rights when the prosecutors moved to increase plaintiff's bail and Judge Caraway increased his bail from $55,000 to $300,000. ECF No. 1 at 4. Plaintiff asserts that Burcell and Ramsey alleged he was a flight risk based on a vehicle pursuit in a different county without any evidence of the incident, and Judge Caraway granted the motion to increase his bail without plaintiff ever seeing a copy of the motion. Id. at 10-11. Plaintiff also makes various allegations about Judge Caraway's handling of motions he submitted. Id. at 7-10. He seeks relief in the form of a bail reduction and release on his own recognizance pending trial. Id. at 4.

### IV.  Failure to State a Claim

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test

articulated in Stump:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [1] the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [2] to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Id. at 362.

The setting of bail falls squarely within the scope of functions "normally performed by a judge" and was done while Judge Caraway was acting in the capacity of a judge. Therefore, while plaintiff does not appear to request such relief, to the extent plaintiff may be attempting to seek damages from Judge Caraway, she is absolutely immune from liability under § 1983. See Franceschi v. Schwartz, 57 F.3d 828, 830-31 (9th Cir. 1995) (commissioner entitled to judicial immunity because setting bail is a "judicial act").

To the extent plaintiff is seeking injunctive relief in the form of reduced bail, he also fails to state a claim against Judge Caraway. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Here, there is no indication that a declaratory decree was violated or that declaratory relief was unavailable. In fact, plaintiff has stated that he appealed the issue to the California Supreme Court (ECF No. 1 at 18), demonstrating that such relief was in fact available. See Owens v. Cowan, No. 17-cv-3674 FMO (JDE), 2018 WL 1002313, at *11 (C.D. Cal. Jan. 17, 2018) ("The phrase 'declaratory relief' in § 1983 refers to the ability of a litigant to 'appeal[ ] the judge's order.'" (alteration in original) (collecting cases)).

Prosecutors are similarly entitled to absolutely immunity from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Burcell and Ramsey are therefore immune from liability for seeking an increase in plaintiff's bail. See Dillberg v. County of Kitsap, 76 F. App'x 792, 794 (9th Cir. 2003) (prosecutors "enjoy[ed] absolute immunity under § 1983 for recommending a bail amount of $500,000" (citing Burns v. County of King, 883 F.2d 819, 824 (9th Cir. 1989))).

To the extent plaintiff is attempting to bring claims against the Butte County Superior Court, those claims are barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). This immunity extends to state courts, which are state agencies. Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997) ("[S]tate case law and constitutional provisions make clear that the [California Superior] Court is a state agency." (alteration in original) (citation and internal quotation marks omitted)). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Accordingly, any claims against the state court must be dismissed.

V. Scope of Section 1983

Prisoners may not attack the validity of their conviction (or other detention) or the fact of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"). Accordingly, to the extent plaintiff seeks to challenge his present confinement, he fails to state a claim. The court further declines to offer plaintiff the option to convert his complaint to a habeas petition because it appears he has already filed at least two habeas petitions[1] alleging excessive bail and challenging his pretrial detention. See Kalso v. Butte County Superior Court, No. 2:24-cv-0512 CKD; Kalso v. Butte County Superior Court, No. 2:24-cv-0653 JDP.

VI. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31

---

[1] Plaintiff has filed a third petition for habeas corpus related to his pending state court proceedings, but the grounds on which he seeks relief are unclear. See Kalso v. Butte County Superior Court, No. 2:24-cv-0507 DMC.

(9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato v. United States</u>, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile.  The complaint should therefore be dismissed without leave to amend.

VII.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because the defendants are immune from suit and if you want to challenge your current incarceration you must do so in a habeas action, which it appears you have already filed.

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE